IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                    No. CR 12-3109 JB

JESUS SALAS-AGUAYO, a.k.a. "Chuyin";
ELMY HERMOSILLO TRUJILLO, a.k.a.
"Potrillo," a.k.a. "Potro," a.k.a. "9"; CARLOS
ARTURO QUINTANA, a.k.a. "Ochenta," a.k.a.
"80"; RAUL CORELLA-HERNANDEZ, a.k.a.
"Ruso," a.k.a. "El Valle," a.k.a. "Vladimir";
JORGE ADRIAN ORTEGA-GALLEGO, a.k.a.
"Naranjas"; GUADALUPE A. PRIETO; JESUS
ISAAC RODRIGUEZ-CONTRERAS;
CLAUDIO RENE ROJO-NEVAREZ; JORGE
OLIVAS NEVAREZ, a.k.a. "Compa Chuy";
ERNESTO RODRIGUEZ; GUILLERMO
CASTILLO-RUBIO, a.k.a. "Pariente";
MARCO ANTONIO GUZMAN-ZUNIGA,
a.k.a. "Brad Pitt,"

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Carlos Arturo Quintana's Motion

for Recusal of the Honorable James O. Browning, filed November 20, 2023 (Doc. 396)("Recusal

Motion"). The Court held a hearing on November 3, 2023, see Clerk's Minutes at 1, filed

November 21, 2023 (Doc. 399), and on January 9, 2024. The primary issue is whether the Court

should recuse itself from this case, because: (i) the Court allowed Plaintiff United States of

America to submit an ex parte submission for the Court's in camera review pursuant to the

Confidential Information Procedures Act, 18 U.S.C. app. 3 § 4 ("CIPA"), thereby allegedly

violating CIPA's procedural mandates; (ii) the Court allowed the United States to miss Court-

imposed deadlines to coordinate with the external agencies completing the declassification review of the CIPA material in this case and provide the Court with its CIPA § 4 filing without consequence; and (iii) the Court allegedly gave the United States great leeway at the October 5, 2023, hearing ("James[1] hearing"), <u>see</u> Clerk's Minutes at 1, filed October 5, 2023 (Doc. 385), by allowing Federal Bureau of Investigation Special Agent Bryan Acee to testify about the alleged co-conspirator statements.  The Court concludes that "its impartiality cannot be questioned," 28 U.S.C. § 455(a), on the bases Quintana raises in the Recusal Motion, because: (i) the Court complied with CIPA's procedures in accepting the United States' CIPA § 4 filing; (ii) the Court properly exercised its discretion to balance the United States' compliance with Court-imposed deadlines, and the complex and time-consuming nature inherent in the CIPA process; and (iii) the Court conducted the <u>James</u> hearing properly.  Accordingly, the Court denies the Motion.

## <u>LAW REGARDING RECUSAL</u>

An important feature of the judicial system is that judges are fair and impartial arbiters of the disputes before them.  28 U.S.C. § 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Certain listed circumstances also require a judge to recuse himself:

> (1)     Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

> (2)     Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

> (3)     Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

---

[1]<u>United States v. James</u>, 590 F.2d 575 (5th Cir. 1979)("<u>James</u>").

> (4)     He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5)     He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> (i)     Is a party to the proceeding, or an officer, director, or trustee of a party;
>>
>> (ii)     Is acting as a lawyer in the proceeding;
>>
>> (iii)     Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>
>> (iv)     Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

The United States Court of Appeals for the Tenth Circuit has emphasized, however, that "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995)(citing United States v. Greenspan, 26 F.3d 1001, 1005 (10th Cir. 1994); Lopez v. Behles (In re Am. Ready Mix, Inc.), 14 F.3d 1497, 1501 (10th Cir. 1994); Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987)). Thus, the recusal statute "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." United States v. Hines, 696 F.2d 722, 729 (10th Cir. 1982). Moreover, the recusal "statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993)(citing In re United States, 666 F.2d 690, 694 (1st Cir. 1981); United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986)(per curiam)). See Rivero v. Bd. of Regents of Univ. of N.M., No. 16-0318, 2019

WL 1085179 (D.N.M. March 7, 2019)(Browning, J.)(finding recusal unwarranted where the Court taught a course at the University of New Mexico School of Law), aff'd, 950 F.3d 754 (10th Cir. 2020); Advanced Optics Elecs., Inc., v. Robins, No. 07-0855, 2011 WL 1103830, at *4-5 (D.N.M. 2011)(Browning, J.)(finding recusal unwarranted where the Court had accounts with Wells Fargo, but Wells Fargo had no interest in the case).

## ANALYSIS

The Tenth Circuit has held that "[a]n unsubstantiated suggestion of personal bias or prejudice is insufficient to mandate recusal under section 455(a)"; rather, there must be facts "that would 'cause a reasonable man to doubt the judge's impartiality.'" Willner v. Univ. of Kan., 848 F.2d at 1023, 1027 (10th Cir. 1988)(quoting United States v. Hines, 696 F.2d at 729). Further, "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Nichols v. Alley, 71 F.3d at 351. Quintana argues that recusal is warranted here, because the Court has "given the government great leeway in its litigation" by allowing it to provide the Court with an ex parte CIPA § 4 submission, failing to discipline the United States for missing Court-imposed deadlines, and by allowing Acee to testify about alleged co-conspirator statements at the James hearing. See Recusal Motion at 3-5; Defendant Carlos Arturo Quintana's Reply to The Government's Response to Defendant's Motion for Recusal, filed January 1, 2024 (Doc. 406)("Recusal Reply"). The United States responds that recusal is not warranted, because the Court complied with Tenth Circuit case law in conducting the James hearing, the Court properly accepted the CIPA § 4 filing, and the CIPA process was "being driven by agencies other than the United States Attorney's Office." United States' Response to Defendant Carlos Arturo Quintana's Motion for Recusal at 8-13, filed December 19, 2023

(Doc. 400)("Recusal Response").  The Court concludes that the Court's recusal in this case is not warranted.

First, in the Court's Memorandum Opinion and Order, filed January 9, 2024 (Doc. 435)("CIPA MOO"), the Court explains that the Court's receipt of the United States' CIPA § 4 filing is proper under CIPA's procedural mandates.  Contrary to Quintana's contention that the Court must make a determination that the United States' assertion of privilege is colorable before reviewing the CIPA § 4 filing, the Court concludes in the CIPA MOO that this determination properly is made during the Court's in camera review of the CIPA § 4 filing.  CIPA MOO at 14-17.  See 18 U.S.C. app. 3 § 4 (stating that the court "may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone"); United States v. Muhtorov, 20 F.4th 558, 633 (10th Cir. 2021)("Muhtorov")(concluding that the district "court correctly performed its role to act as 'standby counsel for the defendants' by placing itself 'in the shoes of defense counsel, the very ones that cannot see the classified record, and act[ing] with a view to their interests'" (quoting United States v. Amawi, 695 F.3d 457, 471 (6th Cir. 2012))(alteration in Muhtorov and not in United States v. Amawi)).

Second, despite that the United States missed deadlines set by the Court to declassify documents and provide the Court with CIPA materials, see, e.g., Draft Transcript of September 12, 2023, Hearing at 11:5-18 (taken September 12, 2023)[2](Court, Castellano)(recognizing that the United States missed a Court deadline for the agencies completing the declassification review of the CIPA material to complete the process), the outside agencies completing the declassification review governed the timing of the review.  In Muhtorov, the Tenth Circuit recognized that the

---

[2]The Court's citations to the hearing transcript refer to the court reporter's original, unedited version.  Accordingly, page and line numbers are subject to slight change in the final, filed transcript.

CIPA "process take[s] time," because, "before prosecutors file CIPA motions, they work with the intelligence community under Department of Justice procedures to identify materials responsive to a discovery request and, if possible, declassify the materials." 20 F.4th at 645. Moreover, when the Court provided the United States with a final deadline by which it had to make its CIPA § 4 filing or forfeit the opportunity to rely altogether on CIPA procedures, the United States timely complied. See Draft Transcript of November 3, 2023, Hearing at 298:9-299:1 (taken November 3, 2023)(Court)(setting a November 20, 2023 deadline for the United States' CIPA § 4 filing); Government's Notice of Classified Filing, filed November 20, 2023 (Doc. 394). The Court concludes, therefore, that it properly monitored and addressed the United States' compliance with CIPA in this case. See United States v. Shulick, 994 F.3d 123, 133 (3d Cir. 2021)("[I]t is well within the district courts' expertise to distinguish between one-off or lesser discovery violations and those committed chronically or in bad faith."), opinion amended and superseded on other grounds, 18 F.4th 91 (3d Cir. 2021).

Third, the Tenth Circuit has clarified that the manner in which the Court conducted the James hearing is proper. See United States v. Owens, 70 F.3d 1118, 1123-24 (10th Cir. 1995)(confirming that the district court properly conducted a James hearing, where, at the hearing, only one United States witness, a FBI Special Agent, testified about the alleged co-conspirator statements); United States v. Leveille, No. 18-CR-2945, 2023 WL 5835889, at *7 (D.N.M. Sept. 8, 2023)(Johnson, C.J.)("At the James hearing, the Court heard testimony from FBI Special Agent Travis Taylor and received 35 exhibits from the United States -- all of which is proper for the Court to consider when determining if the Government has carried its evidentiary burden." (citing United States v. Owens, 70 F.3d at 1124)). Moreover, the Court was not required to hold a James hearing; the Court could have waited until trial to make determinations as to the co-conspirator

statements.  See United States v. Perez, 989 F.2d 1574, 1582 (10th Cir. 1993)(en banc)("In many

cases, the trial court allows co-conspirator hearsay into evidence before requisite facts have been

established in reliance upon the government's representation that such proof will be forthcoming

later in the trial.").  The Court concludes, therefore, that the Court's impartiality cannot reasonably

be questioned based on the Court's actions during the CIPA process nor based on the manner in

which the Court conducted the James hearing.  The Court, therefore, denies the Recusal Motion.

**IT IS ORDERED** that Defendant Carlos Arturo Quintana's Motion for Recusal of the

Honorable James O. Browning, filed November 20, 2023 (Doc. 396), is denied.


_____
UNITED STATES DISTRICT JUDGE


*Counsel:*

Alexander M.M. Uballez
  United States Attorney
Maria Y. Armijo
Randy M. Castellano
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

  *Attorneys for the Plaintiff*

Erlinda O. Johnson
Adrian Gandara
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

  *Attorneys for Defendant Carlos Arturo Quintana*

Liane E. Kerr

Albuquerque, New Mexico

      *Attorney for Defendant Jesus Isaac Rodriguez-Contreras*

Donald Kochersberger
Business Law Southwest LLC
Albuquerque, New Mexico

      *Attorney for Defendant Claudio Rene Rojo-Nevarez*

Brian A. Pori
Albuquerque, New Mexico

      *Attorney for Defendant Ernesto Rodriguez*

Gregory M. Acton
Acton Law Office, PC
Albuquerque, New Mexico

      *Attorney for Defendant Guillermo Castillo-Rubio*